## LUCAS COUNTY COMMON PLEAS COURT
## CASE DESIGNATION

TO: Bernie Quilter, Clerk of Courts

CASE NO: G-4801-CI-0202002090-000

JUDGE: JOSEPH V. MCNAMARA

**The following type of case is being filed:**

**Professional Malpractice**
- [ ] Legal Malpractice (L)
- [ ] Medical Malpractice (M)

- [ ] **Product Liability (B)**
- [✓] **Other Tort (C)**

**Workers' Compensation**
- [ ] State Funded (D)
- [ ] Self Insured (K)

- [ ] **Administrative Appeal (F)**

- [ ] **Commercial Docket**

By submitting the complaint, with the signature of the Attorney, the Attorney affirms that the name of person with settlement authority and his/her direct phone number will be provided upon request to a party or counsel in this matter

**Other Civil**
- [ ] Consumer Fraud (N)
- [ ] Forfeiture
- [ ] Appropriation (P)
- [ ] Court Ordered
- [ ] Other Civil (H)
- [ ] Certificate of Title
- [ ] Copyright Infringement (W)

This case was previously dismissed pursuant to CIVIL RULE 41 and is to be assigned to Judge _____, the original Judge at the time of dismissal. The previously filed case number was CI _____.

This case is a civil forfeiture case with a criminal case currently pending. The pending case number is _____, assigned to Judge _____

This case is a Declaratory Judgment case with a personal injury or related case currently pending. The pending case number is _____, assigned to Judge _____

This case is to be reviewed for consolidation in accordance with Local Rule 5.02 as a companion or related case. This designation sheet will be sent by the Clerk of Courts to the newly assigned Judge for review with the Judge who has the companion or related case with the lowest case number. The Judge who would receive the consolidated case may accept or deny consolidation of the case. Both Judges will sign this designation sheet to indicate the action taken. If the Judge with the lowest case number agrees to accept, the reassignment of the case by the Administration Judge shall be processed. If there is a disagreement between the Judges regarding consolidation, the matter may be referred to the Administrative Judge.

Related/companion case number _____ Assigned Judge _____

Approve/Deny _____ Date _____ Approve/Deny _____ Date _____

**Attorney** Michael D. Harlan
**Address** 3790 Boardman-Canfield Road
Canfield, OH 44406
**Telephone** 330-533-6565



FILED
LUCAS COUNTY

2020 MAY -4 AM 9: 18

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

MDH/gd
4/27/2020

IN THE COURT OF COMMON PLEAS
LUCAS COUNTY, OHIO

| | |
|---|---|
| JUANITA M. RINGLING<br>437 Havre Street<br>Toledo, OH 43609<br><br>Plaintiff<br><br>v.<br><br>LARRY FENNERT TRUCKING, LLC<br>5076 250th Ave<br>Waldorf, MN 56091<br><br>and<br><br>LARRY FENNERT<br>5076 250th Ave.<br>Waldorf, MN 56091<br><br>and<br><br>EDWIN P. HUNTER<br>129 3rd Avenue N.<br>Waldorf, MN 56091<br><br>and<br><br>KEN PRATT TRUCKING COMPANY<br>15355 Knighton Ave.<br>Platte City, MO 64079<br><br>Defendants | CASE NO: **G-4801-CI-0202002090-000**<br>**Judge**<br>JUDGE **JOSEPH V. MCNAMARA**<br><br>**COMPLAINT**<br><br>**(OTHER TORTS)**<br><br>**JURY TRIAL DEMANDED** |

## FIRST CLAIM

1. On the 10th day of December 2018, Plaintiff, JUANITA M. RINGLING, was proceeding westbound on Hill Avenue, in the City of Toledo, County of Lucas, State of Ohio.

2. At that time, Defendant, EDWIN P. HUNTER, negligently operated his motor vehicle into the motor vehicle driven by Plaintiff, JUANITA M. RINGLING, causing the damages hereinafter described.

3. At the time of the above-described accident, Defendant, LARRY FENNERT TRUCKING, LLC, LARRY FENNERT and KEN PRATT TRUCKING COMPANY, negligently entrusted their motor vehicle to Defendant, EDWIN P. HUNTER. Further, EDWIN P. HUNTER was the employee or agent of LARRY FENNERT TRUCKING. KEN PRATT TRUCKING COMPANY and LARRY FENNERT acting within the scope of their employment or agency.

4. As a result of the negligence of the Defendants, LARRY FENNERT TRUCKING, KEN PRATT TRUCKING COMPANY, LARRY FENNERT and EDWIN P. HUNTER, Plaintiff, JUANITA M. RINGLING, suffered injuries to her head, neck, back and other parts of her body causing pain and permanent damage.

5. Plaintiff, JUANITA M. RINGLING, has incurred medical expenses, hospital expenses, and other expenses, and will incur further such expenses.

6. Plaintiff, JUANITA M. RINGLING, has sustained permanent damage, pain and suffering, and expects to incur further pain and suffering in the future.

7. Plaintiff, JUANITA M. RINGLING, has lost earnings, expects to lose further earnings, and earning capacity has been permanently impaired.

## SECOND CLAIM

*Statutory Violation of Truck Driver*

8. For the Second Claim of this Complaint, Plaintiff, JUANITA RINGLING, restates and realleges each and every allegation contained in the preceding paragraph as if fully written herein.

9. Defendant, EDWIN HUNTER, violated statutes and regulations, including but not limited to Ohio R.C. 4511.39 and 49 C.F.R. 350 to 399.

10. Defendant, EDWIN HUNTER'S, statutory violation directly and proximately caused Plaintiffs' damages.

11. Defendant, EDWIN HUNTER, is negligent per se based on these statutory and regulatory violations.

## THIRD CLAIM

*Vicarious Liability of LARRY FENNERT TRUCKING, LARRY FENNERT and KEN PRATT TRUCKING.*

12. For the Third Claim of this Complaint Plaintiff, JUANITA RINGLING, restates and realleges each and every allegation contained in the preceding paragraphs as if fully rewritten herein.

13. Defendant, EDWIN HUNTER, was the employee, agent, servant, or independent contractor for Defendants, LARRY FENNERT TRUCKING, LARRY FENNERT and KEN PRATT TRUCKING.

Accordingly, Defendant LARRY FENNERT TRUCKING, LARRY FENNERT and KEN PRATT TRUCKING, are vicariously liable for the acts of Defendant, EDWIN HUNTER, for the causes of this action.

## FOURTH CLAIM

*Strict Liability of LARRY FENNERT TRUCKING, LARRY FENNERT and KEN PRATT TRUCKING.*

14. For the Fourth Claim of this Complaint, Plaintiff, JUNITA RINGLING, restates and realleges each and every allegation contained in the preceding paragraphs as if fully rewritten herein.

15. Regardless of the employment relationship, Defendant, LARRY FENNERT TRUCKING, LARRY FENNERT and KEN PRATT TRUCKING, are the registered owners of USDOT Number 949797 and are therefore responsible for the acts of defendant driver.

## FIFTH CLAIM

*Negligence of LARREY FENNERT TRUCKING, LARRY FENNERT and KEN PRATT TRUCKING*

16. For the Fifth Claim of this Complaint, Plaintiff, JUANITA RINGLING, restates and realleges each and every allegation contained in the preceding paragraphs as if fully rewritten herein.

17. Defendants, LARRY FENNERT TRUCKING, LARRY FENNERT and KEN PRATT TRUCKING, had a duty to act reasonably in hiring and retaining EDWIN HUNTER and to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe; LARRY FENNERT TRUCKING, LARRY FENNERT and KEN PRATT TRUCKING, negligently failed to maintain their truck.

18. At the time of the accident the Defendants, LARRY FENNERT TRUCKING, LARRY FENNERT and KEN PRATT TRUCKING, were the owners of the chassis, tractor, trailer, container, rear wheels, rear taillights, brakes, brake lights, and other lights located on and attached to the tractor and cab operated by Defendant, EDWIN HUNTER.

19. The aforesaid Defendants, LARRY FENNERT TRUCKING, LARRY FENNERT and KEN PRATT TRUCKING, negligently operated, maintained, and put in service the aforesaid chassis, tractor, trailer, container, rear wheels, rear taillights, brakes, brake lights, and other lights in an unsafe manner creating a hazardous and dangerous condition, which resulted in the accident and injuries set forth in this complaint.

20. Said Defendants, LARRY FENNERT TRUCKING, LARRY FENNERT and KEN PRATT TRUCKING, negligently provided, and negligently failed to properly inspect, the aforesaid chassis, tractor, trailer, container, rear wheels, rear taillights, brake lights, and other lights in a condition and manner that violated Ohio and Federal safety regulations thereby creating a hazardous and dangerous condition resulting in the damages and injuries to the Plaintiffs set forth herein.

21. Defendants, LARRY FENNERT TRUCKING, LARRY FENNERTand KEN PRATT TRUCKING, negligently maintained and negligently inspected the tractor and trailer including the brakes, taillights, wheels, and other operating systems thereby creating a hazardous and dangerous condition in violation of 49 CFR 350 to 399, which resulted in the accident and injuries set forth in this complaint.

22. Defendants, LARRY FENNERT TRUCKING, LARRY FENNERT and KEN PRATT TRUCKING, failed in the above-mentioned duties and were therefore negligent.

23. Defendants, LARRY FENNERT TRUCKING, LARRY FENNERT and KEN PRATT TRUCKING'S, negligence was the direct and proximate cause of JUANITA RINGLING'S damages listed in this complaint.

## SIXTH CLAIM

*Statutory Violations of LARRY FENNERT TRUCKING, LARRY FENNERT and KEN PRATT TRUCKING*

24. For the Sixth Claim of this Complaint, Plaintiff, JUANITA RINGLING, restates and realleges each and every allegation contained in the preceding paragraphs as if fully rewritten herein.

25. Defendants, LARRY FENNERT TRUCKING, LARRY FENNERT and KEN PRATT TRUCKING, violated state and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 350 399 and O.A.C. 4901:2-5-02 through 4901:2-5-08, and R.C. 4511.21A, R.C. 4513.02 and R.C. 4511.202.

26. Defendants, LARRY FENNERT TRUCKING, LARRY FENNERT and KEN PRATT TRUCKING'S, statutory violations directly and proximately caused Plaintiff's' damages.

27. Defendants, LARRY FENNERT TRUCKING, LARRY FENNERT and KEN PRATT TRUCKING, are negligent per se based on these statutory and regulatory violations.

**WHEREFORE**, Plaintiffs, Juanita M. Ringling, demands judgment against Defendants, LARRY FENNERT TRUCKING, LLC, LARRY FENNERT, KEN PRATT TRUCKING COMPANY, and EDWIN P. HUNTER, jointly and severally as follows:

    A.    Compensatory Damages in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS, ($25,000.00), for Plaintiff, JUANITA M. RINGLING, plus interest at the legal rate of interest from the date of the accident described above;

a. The costs of this Action, prejudgment interest as to be determined by the Court, and all other relief to which Plaintiff may be entitled to.

Respectfully submitted,

GERVELIS & HARLAN LLC

BY: MICHAEL D. HARLAN (0069160)
BY: MARK S. GERVELIS (0012647)
Attorneys for Plaintiff
3790 Boardman-Canfield Road
Canfield, Ohio 44406
(330) 533-6565

## JURY DEMAND

A Trial by Jury is hereby demanded in this Action.

BY: MICHAEL D. HARLAN (0069160)
Attorney for Plaintiff

## INSTRUCTIONS TO THE CLERK

Please make certified mail service upon the Defendant at the address listed in the caption above.

BY: MICHAEL D. HARLAN (0069160)
Attorney for Plaintiff