IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JUANITA M. RINGLING** | * | **CASE NO. 3:20-cv-01286-JZ** |
| **Plaintiff,** | * | **JUDGE JACK ZOUHARY** |
| **v.** | * | **DEFNEDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |
| **LARRY FENNERT TRUCKING, LLC,** *et al.* | * | **(Jury Demand Endorsed Hereon)** |
| **Defendants.** | * | |

Now come Defendants, Fennert Trucking, LLC (improperly named as Larry Fennert Trucking, LLC), Larry Fennert, Edwin P. Hunter, and K & P Trucking, Inc., dba Ken Pratt Trucking Company ("Defendants") and for their Answer to Plaintiff's Complaint, say as follows:

## FIRST CLAIM

1. Defendants deny, for want of knowledge sufficient to form a belief as to their truth, the allegations contained in paragraph 1 of the complaint.

2. Defendants deny the allegations contained in paragraph 2 of the complaint.

3. Defendants admit Edwin P. Hunter was an employee of Fennert Trucking, LLC. Defendants deny the remaining allegations contained in paragraph 3 of the complaint.

4. Defendants deny, as stated, the allegations contained in paragraph 4 of the complaint.

5. Defendants deny, for want of knowledge sufficient to form a belief as to their truth, the allegations contained in paragraph 5 of the complaint.

6. Defendants deny, for want of knowledge sufficient to form a belief as to their truth, the allegations contained in paragraph 6 of the complaint.

7. Defendants deny, for want of knowledge sufficient to form a belief as to their truth, the allegations contained in paragraph 7 of the complaint.

## SECOND CLAIM
*Statutory Violation of Truck Driver*

8. Defendants incorporate their answer to paragraphs 1 through 7 of the complaint as though fully rewritten herein.

9. Defendants deny the allegations contained in paragraph 9 of the complaint.

10. Defendants deny the allegations contained in paragraph 10 of the complaint.

11. Defendants deny the allegations contained in paragraph 11 to the complaint.

## THIRD CLAIM
*Vicarious Liability of LARRY FENNERT TRUCKING, LARRY FENNERT and KEN PRATT TRUCKING*

12. Defendants incorporate their answer to paragraphs 1 through 11 of the complaint as though fully rewritten herein.

13. Defendants admit that Edwin Hunter was an employee of Defendant Fennert Trucking, LLC, but deny the remaining allegations contained in paragraph 13 of the complaint.

13(a) (sic). Defendants further deny they are vicariously liable for the acts of defendant Edwin Hunter, as Defendant Edwin Hunter was not negligent in regards to the December 10, 2018 accident.

## FOURTH CLAIM
*Strict Liability of LARRY FENNERT TRUCKING, LARRY FENNERT and KEN PRATT TRUCKING*

14. Defendants incorporate their answer to paragraphs 1 through 13 of the complaint as though fully rewritten herein.

15. Defendants admit Defendant K & P Trucking, Inc. is registered as US DOT No. 949797. Defendants deny, as stated, the remaining allegations contained in paragraph 15 of the complaint, as Defendant Edwin Hunter was not negligent in regards to the December 10, 2018 accident.

## FIFTH CLAIM
*Negligence of LARRY FENNERT TRUCKING, LARRY FENNERT
and KEN PRATT TRUCKING*

16. Defendants incorporate their answer to paragraphs 1 through 15 of the complaint as though fully rewritten herein.

17. Defendants deny, as stated, the allegations contained in paragraph 17 of the complaint.

18. Defendants admit Larry Fennert Trucking, LLC owned the tractor in question but deny the remaining allegations contained in paragraph 18 of the complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the complaint.

## SIXTH CLAIM
*Statutory Violations of LARRY FENNERT TRUCKING, LARRY FENNERT
and KEN PRATT TRUCKING*

24. Defendants incorporate their answer to paragraphs 1 through 23 of the complaint as though fully rewritten herein.

25. Defendants deny the allegations contained in Paragraph 25 of the complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the complaint.

## AFFIRMATIVE DEFENSES

1. Insufficiency of process.

2. Insufficiency of service of process.

3. Negligence on the part of Plaintiff, Juanita M. Ringling which negligence caused or contributed to cause the injuries and damages of which Plaintiff now claims and which should serve to bar or otherwise reduce her recovery.

4. Primary assumption of the risk.

5. Voluntary assumption of the risk.

6. Express assumption of the risk.

7. Plaintiff has failed to mitigate her damages.

8. Release.

9. Accord and satisfaction.

10. Waiver.

11. Laches.

12. Estoppel.

13. Failure to join parties necessary to a just adjudication of the action.

14. Plaintiffs fail to state a claim upon which relief may be granted.

15. A percentage of the tortious conduct that proximately caused the Plaintiff's damages is attributable to one or more persons from whom the Plaintiff does not seek recovery in this action.

16. Intervening cause.

17. Superseding cause.

18. The fault of some person or persons or entity or entities who caused or contributed to Plaintiffs' damages must be apportioned and Plaintiffs' recovery reduced accordingly.

19. Plaintiff's damages, if any, were caused by events over which Defendants exercised no control.

20. Plaintiff's damages, if any, were caused by persons over whom Defendants exercised no control.

21. Plaintiff's claims for relief must be reduced pursuant to R.C. 2315.18, 2315.19, 2315.20, and 4513.263.

22. All liability must be apportioned among any persons or parties under R.C. 2307.22 and R.C 2307.23.

23. Said answering Defendants state that any alleged hazard was open and obvious.

24. Plaintiff's claims are barred due to the Court's lack of personal jurisdiction over Defendants.

25. Plaintiff's Complaint is barred by Ohio Revised Code Section 2125 et seq.

26. Plaintiff's claims are barred by the doctrine of last clear chance.

27. Defendant reserves the right to add to its defenses as discovery progresses.

**WHEREFORE**, having fully answered, Defendants Fennert Trucking, LLC, Larry Fennert, Edwin P. Hunter, and K & P Trucking, Inc. (dba Ken Pratt Trucking Company) pray that this Court dismiss Plaintiff's complaint with prejudice; enter judgment in Defendants' favor; award Defendants their cost and attorneys fees; and award all such other relief as this Court may deem just and equitable.

## JURY DEMAND

Defendants demand a trial by jury of this action consisting of the maximum number of jurors permitted by law.

Respectfully submitted,

/s/Sarah V. Beaubien
**JOSEPH PAPPALARDO (0014326)**
**jpappalardo@gallaghersharp.com**
**SARAH V. BEAUBIEN (0087735)**
**sbeaubien@gallaghersharp.com**
**GALLAGHER SHARP, LLP**
**420 Madison Avenue, Suite 1250**
**Toledo, OH 43604**
**Tel.: (419) 241-4860**
**Fax: (419) 241-4866**

*Attorneys for Defendants Fennert Trucking, LLC, Larry Fennert, Edwin P. Hunter, and K & P Trucking, Inc. (dba Ken Pratt Trucking Company)*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Defendants' Answer to Plaintiff's Complaint* was filed electronically this 18th day of June 2020. Notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's system.

/s/ Sarah V. Beaubien
**JOSEPH PAPPALARDO (0014326)**
**SARAH V. BEAUBIEN (087735)**
**GALLAGHER SHARP, LLP**
*Attorneys for Defendants Fennert Trucking, LLC, Larry Fennert, Edwin P. Hunter, and K & P Trucking, Inc. (dba Ken Pratt Trucking Company)*